UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MCCOY | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| FORSTER, GARBUS & GARBUS, LLP | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Mark McCoy, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.   Plaintiff, Mark McCoy (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides here.

## III. PARTIES

4. Plaintiff, Mark McCoy, is an adult natural person residing at 63 W 30th St. #206, Bayonne, NJ 07002. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Forster, Garbus & Garbus, LLP at all times relevant hereto, is and was a limited liability partnership engaged in the business of collecting debt in the State of New Jersey, with a principal place of business located at 500 Bi-County Boulevard, Suite 350, Farmingdale, NY 11735-3996.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. At all times pertinent hereto, Defendant was hired by LVNV Funding, Inc to collect a debt relating to consumer credit card purchases that were allegedly originally owed to CitiFinancial, Inc.

8. On or about August 20, 2010 Plaintiff received an initial dunning notice from Defendant. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

9. Defendant's letter details $7830.78 as the total amount due.

10. On or about August 25, 2010 Plaintiff received a second, unnecessary dunning notice from Defendant regarding the same alleged debt. See a copy of the letter appended hereto and marked "**EXHIBIT B**".

11. The August 25, 2010 letter shows that the balance has increased from $7830.78 to a new total balance of $7832.33 with no explanation as to how this increase was calculated or permissible.

12. Both letters state, "If this account is not disputed, we shall expect your payment in full."

13. By sending a second dunning notice within Plaintiff's allotted thirty day timeframe to dispute the validity of the debt, Defendant does not afford Plaintiff the opportunity to exercise his legal right to do so before again demanding payment.

14. On or about October 7, 2010 Plaintiff received a phone call from an agent of Defendant, "Scott Hobart."

15. "Scott Hobart" demanded Plaintiff's social security number for verification purposes, and when Plaintiff refused to give that information, "Scott Hobart" quipped, "That's okay, I have it anyway."

16. "Scott Hobart" began to reference a balance "as of today" and Plaintiff explained that the account in question has been charged off since 2003.

17. "Scott Hobart" contended that he sees payments were made to CitiFinancial, Inc. as recent as 2008, but Plaintiff maintained that this was not the case.

18. Plaintiff was then asked by "Scott Hobart" if he would like to resolve the matter, and Plaintiff explained that he would have to check his records because he is certain no payment was made to CitiFinancial, Inc. in 2008.

19. "Scott Hobart" then told Plaintiff, "You can settle this amicably now, or we can proceed."

20. When Plaintiff asked "Scott Hobart" if he could elaborate on what he meant by "proceed," he was told that Defendant was attempting to collect a debt so they would proceed with legal action.

21. The debt in question is outside the statute of limitations and as a result, Defendant is using the threat of legal action purely as a means to annoy, abuse and harass Plaintiff.

22. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount or legal status of the alleged debt |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Forster, Garbus & Garbus, LLP for the following:

a. Actual damages;

  d.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: October 19, 2010

BY: **/s/ Bruce K. Warren**
Bruce K. Warren, Esquire
BY: **/s/ Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff